UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VIZ MEDIA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-458-RP |
| | § | |
| THE PARTNERSHIPS AND | § | |
| UNINCORPORATED ASSOCIATIONS | § | |
| IDENTIFIED ON SCHEDULE A, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff's Motion for Expedited Discovery, (Dkt. 5), and Motion for Electronic Service of Process, (Dkt. 6). After considering both motions, the supporting evidence, and the relevant law, the Court finds that the Motion for Expedited Discovery, (Dkt. 5), should be granted in part, and the Motion for Electronic Service of Process, (Dkt. 6), should be granted.

## I. BACKGROUND

Plaintiff VIZ Media LLC ("Plaintiff") uses and is the owner of the federally registered trademark U.S. Registration No. 4542478 and common law trademarks corresponding to the same (the "RWBY[1] Marks"). (Compl., Dkt. 1, at 1). Plaintiff also uses and is the owner of the federally registered copyrights: U.S. Registration Nos. TX0009019557, TX0009019559, TX0008931814, TX0009019553, TX0009019554, TX0008931702, TX0009019550, TX0009019551, TX0008931681, TX0009019548, TX0009019549, TX0008931684, TX0008786117, TX0009012686, TX0009251950, TX0009110120, PA0001964325, PA0001964326, and PA0002041573 (the "RWBY Copyrights").

---

[1] "RWBY (pronounced 'ruby') is an anime-inspired animated series set in the world of Remnant, where young warriors with unique powers fight to protect humanity from monstrous creatures. The story follows four girls – Ruby, Weiss, Blake, and Yang – as they train to become Huntsman and Huntresses, uncovering dark secrets along the way." (Compl., Dkt. 1, at 5). "The RWBY brand has generated over $100 million in revenue since 2013." (*Id.*).

(*Id.*). Plaintiff brings this lawsuit to combat alleged online trademark and copyright infringement and counterfeiting of Defendants, who Plaintiff argues trade upon Plaintiff's valuable intellectual property including the RWBY Marks and RWBY Copyrights (collectively, the "RWBY IP") by selling, and/or offering for sale, unauthorized, unauthentic, and counterfeit products in connection with the RWBY Marks, as well as to stop and prevent Defendants' alleged selling of unauthorized products that use, are based on, and/or are derived from, the RWBY Copyrights through the use, manufacture, offer to sell, and sale of unauthorized and infringing products. (*Id.* at 2). Plaintiff alleges that Defendants use and operate fully interactive e-commerce stores operating under the seller aliases identified in Schedule A to Plaintiff's Complaint, (Dkt. 2), to offer to sell or sell infringing products. (*Id.*). Plaintiff brings claims of trademark infringement and counterfeiting under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. §§ 106 and 501; and false designation of origin under 15 U.S.C. § 1125(a) against Defendants. (Compl., Dkt. 1, at 12–16). Plaintiff seeks a permanent injunction and damages. (*Id.* at 16–19).

## II. LEGAL STANDARDS

### A. Motion for Expedited Discovery

Federal Rule of Civil Procedure 26(d) allows for discovery before the parties have conferred when authorized by a court order. Rule 26(d)(1) explicitly permits a party to seek discovery from any source before the parties have conferred, when authorized by a court order. Fed. R. Civ. P. 26(d)(1).

"The Fifth Circuit has not determined the standard governing district courts' consideration of expedited discovery requests. However, most district courts have settled on a 'good cause' rule. Good cause exists where, considering the totality of the circumstances, the need for expedited discovery outweighs the prejudice to the responding party. The burden is on the moving party to show good cause. Courts often consider:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to

2

comply with the requests; and (5) how far in advance of the typical discovery process the request was made."

*Hunter Killer Prods., Inc. v. Boylan*, No. EP-20-CV-00306-FM, 2021 WL 2878558, at *2 (W.D. Tex. Jan. 28, 2021) (citations omitted). Where defendants have unknown identities, "[p]laintiffs should be afforded an opportunity through discovery to identify [them]." *Weems v. Stroman*, 694 F. App'x 272, 273 (5th Cir. 2017).

### B. Motion for Electronic Service of Process

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). Constitutional due process requires only that service of process provide notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *In re Kendavis Holding Co.*, 249 F.3d 383, 386 (5th Cir. 2001).

A party seeking authorization for alternate service under Rule 4(f)(3) need not attempt service by the methods enumerated under subsections (f)(1) and (f)(2) before petitioning the Court for 4(f)(3) relief. *See Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 WL 3270832, at *3 (W.D. Tex. June 17, 2020); *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014). The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court. *WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL 2870679, at *3 (W.D. Tex. July 8, 2021); *Buffer v. Grupo Radio Centro, S.A.B. de C.V.*, No. EP-10-CV-364-DB, 2011 WL 13238336, at *1–2 (W.D. Tex. Mar. 3, 2011).

### III. DISCUSSION

### A. Motion for Expedited Discovery

Plaintiff is seeking limited expedited discovery from the third-party platforms on which Defendants operate. (Mot. Expedited Disc., Dkt. 5, at 2). Plaintiff claims that it has "good cause for the expedited discovery requested herein because infringement is ongoing and continuous, necessitating immediate relief, and because identifying information for all parties involved in this counterfeiting scheme is necessary to move this case forward." (*Id.* at 2). Further, Plaintiff alleges that "[s]ince contact information is not made public by the third party ecommerce platforms, expedited discovery is necessary to learn about Defendants' identities." (*Id.*).

The Court agrees that good cause exists for Plaintiff to conduct narrow discovery regarding Defendants' identities in order to serve them. The Court finds it necessary, however, to permit Plaintiff to conduct expedited discovery on Defendants' sales and listing history only as to sales and listings that relate to Plaintiff's infringement and counterfeiting contentions—not as to all of Defendants' sales and listing history.

### B. Motion for Electronic Service of Process

Plaintiff alleges that it "has good cause to suspect that Defendants are all residents of China, Hong Kong, or other foreign countries." (Mot. Electronic Service Process, Dkt. 6-1, at 3). The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"). *See* Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing current contracting states).

The Hague Convention does not specifically preclude service by e-mail and internet publication. Further, where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or internet publication. *See WSOU Invs.* 2021 WL 2870679, at *4 (service of process by e-mail on a Chinese defendant not prohibited by the Hague Convention because China has not expressly objected to e-mail service of process); *Document Operations LLC v. AOS Legal Techs.*, No. 4:20-CV-1532, 2020 WL 6685488, at *3 (S.D. Tex. Nov. 12, 2020) (service by email not prohibited by the Hague Convention because the signatory nation has not specifically objected to service by regular mail or email). Therefore, here, service by e-mail and web publication are not prohibited by international agreement.

A court acting under Rule 4(f)(3) is therefore free to order alternative means of service where a signatory nation has not expressly objected to those means. *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *WhosHere, Inc. v. Orun*, No. 1:13-CV-00526-AJT, 2014 WL 670817, at *3 (E.D. Va. Feb. 20, 2014). China has not objected to service by e-mail or internet publication. While China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication. Accordingly, service by these means does not violate an international agreement.

Additionally, the Hague Convention does not apply "where the address of the person to be served with the document is not known." *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 1, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf. Here, Plaintiff's attorney has sworn that "[a]n investigation of the e-commerce stores operating under Seller Aliases identified in Schedule A to the Complaint revealed that few, if any, provide a physical address on the

e0commerce store." (Hastings Declaration, Dkt. 6-2, at 2). Thus, even if the Hague Convention does prohibit email service on defendants in China, that prohibition would not apply here.

Finally, due process is not offended. E-commerce stores communicate with their customers through e-mail addresses or other forms of electronic communications, rather than by mail or in person. (*Id.* at 1). Service by electronic means is therefore the most likely means of communication to reach Defendants. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) ("Considering the facts presented by this case, we conclude not only that service of process by email was proper—that is, reasonably calculated to apprise [Defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [Defendant]."). Thus, service of process via electronic messaging and electronic publication is reasonably calculated to apprise Defendants of the pendency of this action, whereas traditional service of process methods would be unlikely to provide Defendants with prompt notice of this action. The Court will therefore grant Plaintiff's motion and exercise its discretion to allow service on Defendants through electronic means.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Plaintiff's Motion for Electronic Service of Process, (Dkt. 6), is **GRANTED**, and Plaintiff's Motion for Expedited Discovery, (Dkt. 5), are **GRANTED IN PART** as follows:

1. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba, Amazon.com, Inc., Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of

documents and records in such person's or entity's possession or control sufficient to determine:

  a.  the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses.

  b.  the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces, but only as to sales and listings connected to the alleged infringement and counterfeiting of the RWBY IP; and

  c.  any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

2.  Plaintiff is authorized to issue expedited written discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

  a.  the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation

with them, including all known contact information and all associated e-mail addresses, the nature of Defendants' operations and associated sales connected to the alleged infringement and counterfeiting of the RWBY IP, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

b. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of a preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all

Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

**SIGNED** on March 17, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE